BLD-350                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1981
_____

STEVEN A. JOHNSON,
                              Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-00261)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 7, 2017

Before: AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven A. Johnson appeals from an order of the District Court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We will summarily affirm.

Johnson filed his habeas petition challenging the mail procedures at the United States Penitentiary − Canaan, where he is a federal inmate. Specifically, he alleged that he was not receiving his magazine subscriptions, and that his legal mail was processed through "regular mail channels" and opened outside his presence. The District Court summarily dismissed the § 2241 petition after determining that Johnson did not attack the validity of his detention and that the relief he sought was not available through a petition for writ of habeas corpus. The order dismissing the petition was without prejudice to Johnson's right to pursue his claims in a properly filed civil rights action. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's order dismissing the § 2241 petition. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002). We may summarily affirm if there is no substantial question presented by the appeal. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

---

[1] Generally, an order dismissing an action without prejudice is not immediately appealable. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 951–52. As discussed *infra*, Johnson cannot amend his § 2241 petition to remedy the defect to his complaint; he would have to file a different type of action. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). The District Court's order thus terminated the action and was immediately appealable. See id.

2

The District Court's dismissal of Johnson's § 2241 petition without prejudice was proper. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). The Court correctly reasoned that Johnson was challenging the conditions of his confinement rather than the execution of his sentence, and thus that habeas corpus was not an available remedy. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).[2] The proper means for seeking relief for these conditions of confinement claims is a civil rights action against the Bureau of Prisons under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), after available administrative remedies have been exhausted, 42 U.S.C. 1997e(a). See Jones v. Block, 549 U.S. 199, 211 (2007).

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.

---

[2] Johnson cites to Lopez v. Davis, 531 U.S. 230 (2001), as authority that his claims are cognizable in a § 2241 proceeding. His reliance is misplaced, however, as the claim in Lopez, which challenged a Bureau of Prison's regulation under which the petitioner was denied early release, clearly regarded the execution of the petitioner's sentence.